## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANTONIO M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-155 JVB |
| | ) | |
| SGT. STEVEN SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Antonio M. Johnson, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

> defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

Johnson alleges that Sgt. Steven Scott used excessive force while arresting him on January 19, 2006. He alleges that after fleeing for some time, he stopped and surrendered. He alleges that he was then attacked by a K-9 dog, tackled by Sgt. Scott, and struck on the back. "I (Antonio Johnson) felt like (Sgt. Steven Scott) used excessive force by striking me after I gave up and excessive use of his K-9 dog." Complaint at 4.

"The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the

question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. 386, 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Graham*, 490 U.S. at 396. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 441 U.S. at 497. Giving Johnson the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim against Sgt. Steven Scott for an excessive use of force in violation of the Fourth Amendment.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sgt. Steven Scott in his individual capacity for monetary damages on his Fourth Amendment excessive use of force claim;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285's for Sgt. Steven Scott to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Steven Scott; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Steven Scott respond, as provided for in the Federal Rules of Civil Procedure and Northern District of

Indiana Local Rule 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 28, 2007.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT JUDGE
HAMMOND DIVISION